FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA

2000 OCT 10 AM 10:03

LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DALE W. RUSSELL                     CIVIL ACTION

VERSUS                              NO. 00-339

SEACOR MARINE, INC., ET AL.         SECTION: "R" (3)

**ORDER AND REASONS**

Before the Court are defendants SEACOR Marine, Inc. and McCall's Boat Rentals, Inc.'s motion for partial summary judgment to dismiss plaintiff Dale Russell's claim for maintenance and cure pursuant to Federal Rule of Civil Procedure 56. For the following reasons, the Court denies defendants' motion.

I. **Background**

Plaintiff, Dale Russell, alleges he suffered a herniated disc at the L5-S1 level during one of a series of incidents that occurred between late June 1999 and October 1999 when he worked aboard the M/V JOYCE MCCALL II. As a Consequence of this injury, plaintiff asserts he is entitled to maintenance and cure, even

DATE OF ENTRY
OCT 10 2000

though he failed to disclose on his job application a 1987 injury resulting in the herniation of his L4-5 disc, which required surgery.

Defendants contend that Russell's intentional failure to disclose his prior low back injury (including a slight bulge at L5-S1), surgery (some time in 1988 or 1989), seven to ten percent disability rating, and subsequent chiropractic care (through April 19, 1996) on the job application form and confidential health history questionnaire are material omissions of a prior related injury that preclude maintenance and cure. Accordingly, defendants move for partial summary judgment dismissing Russell's claim for maintenance and cure for his herniated disc at the L5-S1 level.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when there are no genuine issues as to any material facts, and the moving party is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23, 106 S. Ct. 2548, 2552 (1986). Accordingly, a court must be satisfied that no reasonable trier of fact could find for the nonmoving party. In other words, "if the evidentiary material of record were reduced to admissible evidence in court, it would be insufficient

to permit the nonmoving party to carry its burden." *Beck v. Texas State Bd. of Dental Exam'rs*, 204 F.3d 629, 633 (5th Cir. 2000).

Initially, the moving party bears the burden of establishing that there are no genuine issues of material fact. If the dispositive issue is one for which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325, 106 S. Ct. at 2554; *see also Lavespere*, 910 F.2d at 178. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See Celotex*, 477 U.S. at 324, 106 S. Ct. at 2553. Summary judgment is mandated if the nonmovant fails to make a showing sufficient to establish the existence of an element essential on which it bears the burden of proof at trial. *See id.* at 322, 106 S. Ct. at 2552. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue exists for trial. *See id.* at 325, 106 S. Ct. at 2553-54; *Rushing v. Kansas City S. Ry. Co.*, 185 F.3d 496, 505 (5th Cir. 1999).

### B. Maintenance and Cure

"Maintenance and cure is a contractual form of compensation given by general maritime law to a seaman who falls ill while in the service of his vessel." *McCorpen v. Central Gulf S.S. Corp.*, 396 F.2d 547, 548 (5th Cir. 1968). It may be awarded "even where the seaman has suffered from an illness pre-existing his employment." *Id.* Notwithstanding this general principle, a court will deny maintenance and cure when a seaman "knowingly or fraudulently conceals his illness from the shipowner." *Id.* Specifically,

> where the shipowner requires a seaman to submit to a pre-hiring medical examination or interview and the seaman intentionally misrepresents or conceals material medical facts, the disclosure of which is plainly desired, then he is not entitled to an award of maintenance and cure. Of course, the defense that a seaman knowingly concealed material medical information will not prevail unless there is a causal link between the pre-existing disability that was concealed and the disability incurred during the voyage."

*Id.* at 549 (citations omitted). Accordingly, to determine whether Russell forfeited his rights to maintenance and cure, the Court considers whether: (1) he intentionally misrepresented or concealed medical facts; (2) the nondisclosed facts were material to McCall's decision to hire him.; and (3) there is a causal link between the withheld information and his injury complaint.

First, defendants argue that Russell intentionally

misrepresented or concealed medical facts when he denied having prior back pain and surgery on his job application and confidential health history questionnaire. In support of this contention, they proffer Russell's answers on the forms and his deposition testimony that these answers were incorrect. Plaintiff counters that he did not misrepresent or conceal any information in his answers to the "legally permissible questions." (Pl.'s Mem. Opp'n Mot. Partial Summ. J. at 5.) Citing the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.*, he asserts that "there was no reason" to ask about prior back pain "other than to impermissibly screen out individuals with a disability." (*Id.* at 8.) The ADA, however, provides that a "covered entity may make preemployment inquiries into the ability of an applicant to perform job-related function." *See* 42 U.S.C. § 12112(d)(2)(B). The Court finds that the questions about prior back pain and surgery are relevant job-related inquiries and are consistent with business necessity. *See, e.g., Thomas v. Mississippi State Dept. of Health*, 934 F. Supp. 768, 774 (S.D. Miss. 1996)(questions "go to the core of whether the applicant is qualified"); *EEOC v. Texas Bus Lines*, 932 F. Supp. 965, 981 (S.D. Tex. 1996)(inquiries about back trouble for prospective bus driver "relevant" and "consistent with business necessity").

5

Plaintiff further argues there is a factual issue of his intent to conceal his prior medical condition because "Captain Floyd at the employment agency told him it was unnecessary to check yes because his prior back injury had occurred ten years ago." (Pl.'s Mem. Opp'n Mot. Partial Summ. J. at 9.) Notwithstanding any comments Captain Floyd may have made, the application and questionnaire clearly inquired about his prior back trouble, and the job application specifically put him on notice that any false statements "shall be considered sufficient cause for immediate dismissal." (*Id.*, Ex. 1 at 3.) Accordingly, the Court finds that Russell intentionally misrepresented or concealed medical facts because he knew not only that the shipowner desired this information but also that he was not revealing the information requested. *See Guillory v. Northbank Towing Corp.*, 1993 WL 721991, at *3 (W.D. La. June 25, 1993)("Should plaintiff have had any legitimate question about his omission, the form specifically puts the signer on notice that omissions are not without impact."); *Bud's Boat Rental, Inc. v. Wiggins*, 1992 WL 211453, at *2 (E.D. La. Aug. 24, 1992)(rejecting plaintiff's denial of intentionally withholding information because application questions clearly asked about back trouble).

Second, defendants argue the nondisclosed medical facts were

material.  In support of that proposition, they cite Billy Johnson's uncontroverted affidavit that "McCall's decision to hire Dale Russell as an engineer/deckhand was based in part on Russell's representation to McCall's that he had never sustained any back injuries or suffered any previous back problems."  (Mem. Supp. Mot. Partial Summ. J., Ex. B at 1.)  As this medical information could have altered McCall's hiring decision, the Court finds it to be material.  *See Lancaster Towing, Inc. v. Davis*, 681 F. Supp. 387, 388 (N.D. Miss. 1988); In re *L.S.K. Towing, Inc.*, 1995 WL 350039, at *2 (E.D. La. 1995)("A fact is material if it could have altered the employer's hiring decision.").

    Third, defendants argue that there is a causal link between the withheld information and Russell's injury complaint.  They posit that when a seaman "fails to disclose a prior injury to the same body part affected by his current injury, there is a presumption that the injuries are related."  (Mem. Supp. Mot. Partial Summ. J. at 4.)  Plaintiff responds that he passed the pre-employment physical examination and that, according to Dr. Charles Chapleau (the neurosurgeon who performed his back surgery on June 21, 2000), his herniation of the left L5-S1 disc is "a new problem clearly" from the herniation he previously suffered at the left L4-5 disc.  (Id., Ex. 4 at 1.)  Defendant contends

that Dr. Jeffery M. Lobosky reviewed an MRI of Russell's lumbar spine on March 7, 1991, in which he noted that there is "a slight bulge at L5-S1 which may be effacing slightly the left S1 nerve root but does not appear to be significantly compromising it." (Defs.' Reply Mem. at 2.) Defendant does not attach this document or point to any place in the record at which it can be found. Defendant also claims that plaintiff complained about numbness in both legs to a chiropractor in 1996, again with no citation to the record. Although Dr. Lobosky's notation strongly suggests that the injury complained of is causally related to the one concealed, without evidence of Dr. Lobosky's opinion and the circumstances in which it was obtained, the Court must deny summary judgment. On this record, Dr. Chapleau's notation creates an issue of fact as to whether plaintiff's injury was causally related to an undisclosed condition.

## III. Conclusion

For the foregoing reasons, the Court denies defendants SEACOR Marine, Inc. and McCall's Boat Rentals, Inc.'s motion for partial summary judgment to dismiss plaintiff Dale Russell's claims for maintenance and cure.

New Orleans, Louisiana, this 10th day of October, 2000.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE